**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**CARMEN L. RIVERA,**
                    **Plaintiff,**

   **v.**                                                **00-CV-1270**
                                                         **(GLS)**

**COMMISSIONER OF SOCIAL SECURITY,**
                    **Defendant.**

---

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Legal Services of Central New York        ANGELA J. MIRANDA, ESQ.
472 South Salina Street
Suite 300
Syracuse, NY 13202

**FOR THE DEFENDANT:**

HON. JOSEPH A. PAVONE                      WILLIAM H. PEASE
United States Attorney                     Assistant U.S. Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

**Gary L. Sharpe**
**U.S. District Judge**

**DECISION AND ORDER**

## I. <u>Introduction</u>

Carmen Rivera challenges the denial of disability benefits by the Commissioner of Social Security alleging disability due to degenerative disc disease and carpel tunnel syndrome.  On July 31, 2001, Rivera brought this action pursuant to 42 U.S.C. § 405(g) seeking review of the Commissioner's final determination.  Having reviewed the administrative record, the court affirms the Commissioner's decision because it was based on substantial evidence.

## II. <u>Procedural History</u>

On April 26, 1996, Rivera filed an application for Social Security disability benefits which was subsequently denied.  She filed requests for reconsideration on October 15 and 29 that were denied.  On January 17, 1997, Rivera filed an untimely request for a hearing before an Administrative Law Judge (ALJ), and her request was denied.  On June 12, Rivera again filed concurrent applications for disability insurance and supplemental security income.  Her second application was denied both initially and upon reconsideration.  Rivera then timely requested a hearing. On September 24, 1998, a hearing was held before ALJ Daniel G. Heely.

On January 1, 1999, the ALJ issued a decision denying benefits to Rivera

and denying her request to reopen her April 1996 application.  On June 21,

2000, the Appeals Council denied review, making the ALJ's decision the

final decision of the Commissioner.

## III.  CONTENTS

Rivera contends that there is substantial evidence in the record to

support a disability finding.  More specifically, she claims that the ALJ: (1)

failed to give proper weight to her treating sources; (2) improperly applied

the medical vocational guidelines; and (3) discounted her complaints of

disabling pain.  Rivera further argues that the record supports the

reopening of her April 1996 application.  The Commissioner counters that

substantial evidence supports the ALJ's disability decision.

## III.  FACTS

The evidence in this case is not in dispute, and the court incorporates

the parties' factual recitations.  *See Pl.'s Br., pp. 3-6, Dkt. No. 14; Def.'s Br.,*

*pp. 2-4, Dkt. No. 15.*

## IV.  DISCUSSION

### A.  Standard and Scope of Review

A court's review of the Commissioner's final decision is limited to

determining whether the correct legal standards were applied and whether substantial evidence supports the decision. *Urtz v. Callahan*, 965 F. Supp. 324, 326 (N.D.N.Y. 1997) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)).  Although the Commissioner is ultimately responsible for determining a claimant's eligibility, the actual disability determination is made by an ALJ.  The ALJ's decision is subject to judicial review on appeal.  A court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if it appears to be supported by substantial evidence.  *Johnson*, 817 F.2d at 986.  In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision.  *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

   A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision.  42 U.S.C. § 405(g); *see Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991).  "Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Williams ex rel. Williams v. Bowen*, 859 F.2d 255,

258 (2d Cir. 1988) (citations omitted).  It must be "more than a mere

scintilla" of evidence scattered throughout the administrative record.

*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated*

*Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Alston v. Sullivan*, 904

F.2d 122, 126 (2d Cir. 1990).  "To determine on appeal whether an ALJ's

findings are supported by substantial evidence, a reviewing court considers

the whole record, examining the evidence from both sides because an

analysis of the substantiality of the evidence must also include that which

detracts from its weight."  *Williams*, 859 F.2d at 258.  However, a reviewing

court cannot substitute its interpretation of the administrative record for that

of the Commissioner if the record contains substantial support for the ALJ's

decision.  *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972); *see*

*also Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

The court has authority to reverse with or without remand.  42 U.S.C.

§ 405(g).  Remand is appropriate where there are gaps in the record or

further development of the evidence is needed.  *See Parker v. Harris*, 626

F.2d 225, 235 (2d Cir. 1980); *Cutler v. Weinberger*, 516 F.2d 1282, 1287

(2d Cir. 1975) (remand to permit claimant to produce further evidence).

Reversal is appropriate, however, when there is "persuasive proof of

disability" in the record and remand for further evidentiary development

would not serve any purpose. *Parker*, 626 F.2d at 235; *Simmons v. United*

*States R.R. Ret. Bd.*, 982 F.2d 49, 57 (2d Cir. 1992); *Carroll v. Sec'y of*

*HHS*, 705 F.2d 638, 644 (2d Cir. 1983) (reversal without remand for

additional evidence particularly appropriate where payment of benefits

already delayed for four years and remand would likely result in further

lengthening the "painfully slow process" of determining disability).

## B.  Five-Step Disability Determination

The definition of "disabled" is the same for purposes of receiving

Social Security Disability Insurance (SSDI) and Supplemental Security

Income (SSI) benefits.  To be considered disabled, a plaintiff seeking SSDI

or SSI benefits must establish that she is "unable to engage in any

substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or

which has lasted or can be expected to last for a continuous period of not

less than twelve months ...."  42 U.S.C. §§ 423(d)(1)(A),1382c(a)(3)(A).[1]

---

[1]In addition, a claimant's

> physical or mental impairment or impairments [must be] of such
> severity that [s]he is not only unable to do h[er] previous work but
> cannot, considering h[er] age, education, and work experience, engage
> in any other kind of substantial gainful work which exists in the

The Commissioner uses a five-step process to evaluate SSDI and SSI claims.  20 C.F.R. §§ 404.1520, 416.920.[2]  Step One requires the ALJ to determine whether the claimant is presently engaging in substantial gainful activity (SGA).  20 C.F.R. §§ 404.1520(b), 416.920(b).  If a claimant is engaged in SGA, she will not be considered disabled.  If the claimant is not engaged in SGA, Step Two requires the ALJ to determine whether the claimant has a severe impairment.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant is found to suffer from a severe impairment, Step Three requires the ALJ to determine whether the claimant's impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 §§ 404.1520(d), 416.920(d).  If the impairment meets or equals a listed

---

> national economy, regardless of whether such work exists in the
> immediate area in which [s]he lives, or whether a specific job vacancy
> exists for h[er], or whether [s]he would be hired if [s]he applied for work.

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

Therefore, a plaintiff must not only carry a medically determinable impairment but an impairment so severe as to prevent her from engaging in any kind of substantial gainful work which exists in the national economy.

[2] The court notes that revised versions of these sections came into effect in September 2003.  *See* 68 Fed. Reg. 51161, 51164 (Aug. 26, 2003).  In the revised versions, paragraph (e) clarifies the application of the RFC determination.  New paragraphs (f) and (g), with certain modifications, correspond to the prior versions' paragraphs (e) and (f), respectively.  These revisions do not affect the Five-Step Disability Determination sequence.  The revised versions have no effect on the outcome of this case.  For considerations of uniformity, and because the ALJ's decision came under the old versions, the court retains the old nomenclature in its analysis.

7

impairment, the claimant is presumptively disabled.  *Ferraris*, 728 F.2d at

584.  If the claimant is not presumptively disabled, Step Four requires the

ALJ to consider whether the claimant's Residual Functional Capacity (RFC)

precludes the performance of her past relevant work.  20 C.F.R. §§

404.1520(e), 416.920(e).  At Step Five, the ALJ determines whether the

claimant can do any other work.  20 C.F.R. §§ 404.1520(f), 416.920(f).

The claimant has the burden of showing that she cannot perform past

relevant work.  *Ferraris*, 728 F.2d at 584.  However, once the claimant

meets that burden, benefits can only be denied by showing, with specific

reference to medical evidence, that the claimant can perform some less

demanding work.  *See White v. Sec'y of HHS*, 910 F.2d 64, 65 (2d Cir.

1990); *Ferraris*, 728 F.2d at 584.  In making this showing, the ALJ must

consider the claimant's RFC, age, education, past work experience, and

transferability of skills, to determine if the claimant can perform other work

existing in the national economy.  20 C.F.R. §§ 404.1520(f), 416.920( f);

*see New York v. Sullivan*, 906 F.2d 910, 913 (2d Cir. 1990).

In this case, the ALJ found that Rivera satisfied Step One because

she had not worked since July 1995.[3]  In Step Two, the ALJ determined

that she suffered from degenerative disc disease and is status post carpal

tunnel release surgery on her right hand.[4]  In Step Three, the ALJ

determined that her impairments failed[5] to equal an impairment or

combination of impairments listed in, or medically equal to, one listed in

Appendix 1, Subpart P, Regulations No. 4.  In Step Four, the ALJ

determined that Rivera did not have the RFC to perform her past relevant

work as a sewing machine operator and housekeeper.  In Step Five, the

ALJ determined that Rivera possessed the RFC for light work which was

limited only in her repetitive use of her right upper extremity. Consequently,

he found Rivera not disabled and denied benefits.

## C.  Treating Physician Rule

Rivera argues that the ALJ's determination that she had the RFC for

light work is contrary to the medical record.  Rivera maintains that the

---

[3]Rivera has not maintained work for a period longer than two months since the onset of her alleged disabilities in July 1988.

[4]Status post carpal tunnel release surgery indicates that Rivera had recently undergone rehabilitative surgery on her right hand.

[5]In the ALJ's findings, the word "not" is left out.  A literal reading of his findings suggests that Rivera *does* have an impairment that is listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.  However, this appears to be a typographical error not affecting the overall outcome of the ALJ's decision.

9

opinions of Dr. Mtanos and Christine Atkins, a nurse practitioner, her

treating sources, should have been given controlling weight.  She asserts

that the ALJ instead accepted the opinions of non-examining consultants

without giving reasons for discrediting Rivera's treating sources.

Generally, the opinion of a treating physician is given controlling

weight if it is based upon well-supported, medically acceptable clinical and

laboratory diagnostic techniques and is not inconsistent with other

substantial evidence.  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *see*

*Schaal v. Apfel*, 134 F.3d 496 (2d Cir. 1998).  An ALJ may not arbitrarily

substitute his own judgment for a competent medical opinion.  *Rosa v.*

*Callahan*, 168 F.3d 72, 79 (2d Cir. 1999).  If the treating physician's opinion

is not given "controlling weight," the ALJ must assess several factors to

determine how much weight to afford the opinion.  The factors are: the

length of the treatment relationship, the frequency of examination by the

treating physician for the condition(s) in question, the medical evidence

supporting the opinion, the consistency of the opinion with the record as a

whole, the qualifications of the treating physician, and other factors tending

to support or contradict the opinion.  20 C.F.R. §§ 404.1527(d)(2)-(6),

416.927(d)(2)-(6).

Moreover, the "ultimate finding of whether a claimant is disabled and

cannot work is 'reserved to the Commissioner.'"  *Snell v. Apfel*, 177 F.3d

128, 133 (2d Cir. 1999) (citation omitted).  "That means that the Social

Security Administration considers the data that physicians provide but

draws its own conclusions."  *Id.*  Thus, a treating physician's disability

assessment is not determinative.  *Id.*  Furthermore, where the evidence of

record includes medical source opinions that are inconsistent with other

evidence or are internally inconsistent, the ALJ must weigh all of the

evidence and make a disability determination based on the totality of that

evidence.  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

Rivera contends that the ALJ erred when he relied on the opinions of

non-examining consultants instead of her treating physician.  This

contention is without merit.  As mentioned, the final determination of

disability is reserved for the Commissioner.  The opinion of Rivera's

treating physician's was not binding on the ALJ.  In addition, Dr. Mtanos's

October 1997 statement that Rivera was "permanently disabled"[6] and his

December 1997 conclusion that Rivera could work only four to five hours

daily were unsupported by clinical findings. (Tr. 379, 382).

Rivera next contends that because the two reviewing physicians

conflicted in their assessment of Rivera's RFC, the ALJ should have given

---

[6]Dr. Mtanos later noted that the duration of Rivera's disability is "a function of her response to physical therapy and results of testing." (Tr. 379).  This statement is inconsistent with his earlier finding that Rivera was "permanently disabled."

11

less weight to both.  Dr. Alukal assessed Rivera's RFC at medium work.

Whereas, Dr. Oh assessed Rivera's RFC at light work.  The ALJ

considered both doctors' opinions and properly accounted for their

differences by adopting Dr. Oh's evaluation of Rivera's RFC, the less

exertional RFC level of the two opinions.  The Social Security regulations

provide that if someone can do medium work, he or she can also do

sedentary and light work.  20 C.F.R.  §§ 404.1567(c) and 416.967(c).

Moreover, Dr. Ganesh's examination of Rivera revealed that she was

in "no acute distress" with fairly normal range of motion.  (Tr. 289, 290).  He

noted that Rivera suffered no atrophy of the hand muscles, and her hand

grip tested 4/5 on the right and 5/5 on the left.  (Tr. 290).  Dr. Ganesh also

noted that Rivera's sensory was absent in her right hand but was otherwise

unremarkable.  (Tr. 290).   Given the inconsistencies of her treating

physician and the opinions of Drs. Alukal and Oh, the ALJ's decision was

based on substantial evidence.

## D. __Medical Vocational Guidelines (Grids)__

Rivera argues that the ALJ erred in his application of the Grids in

finding her not disabled at Step Five.  Specifically, she contends that the

ALJ incorrectly applied Rule 202.18 based on his conclusion that Rivera

could engage in light work.  Rivera contends that the ALJ should have applied Rule 201.17 if at all.[7]

The Grids, set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 2, take into account a claimant's RFC, age, education, and work experience.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(a); 20 C.F.R. § 404.1569a(a); *Rosa*, 168 F.3d at 78.  "'Generally...if a claimant suffers only from exertional impairments, *e.g.,* strength limitations, then the Commissioner may satisfy her burden by resorting to the applicable grids.  For a claimant whose characteristics match the criteria of a particular grid rule, the rule directs a conclusion as to whether he is disabled.'"  *Rosa*, 168 F.3d at 82 (quoting *Pratts*, 94 F.3d at 38-39); *see also Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986).

Whether the grids apply is to be determined on a case-by-case basis. *Pratts*, 94 F.3d at 39 (citing *Bapp*, 802 F.2d at 605-06).  Sole reliance on the grids is improper if a claimant suffers from both exertional and non-exertional impairments.  *See Pratts*, 94 F.3d at 38-39; *Bapp*, 802 F.2d at 605-06.  Where the claimant's non-exertional impairments "significantly

---

[7]Rivera argues in the alternative, stating, "if the grid is to be used in this case, the proper rule to be applied is 201.17." *Pl.'s Br. p. 19, Dkt. No. 14*.  She then argues, "when the claimant's impairments are combined exertional and non-exertional, as is the case here, the rules in Appendix 2 will not be directly applied, unless there is a rule that directs a conclusion of disability." *Id.*

diminish" the range of work allowed by his exertional impairments, the grids alone do not "provide the exclusive framework for making a disability determination." *Bapp*, 802 F.2d at 605-06.  To "significantly diminish" the claimant's range of work, a non-exertional impairment must cause an "additional loss of work capacity beyond a negligible one or, in other words, one that so narrows a claimant's possible range of work as to deprive him of a meaningful employment opportunity."  *Id.* at 606; *see Pratts*, 94 F.3d at 39.

Here, the ALJ properly considered Rivera's depression as a possible non-exertional limitation.  In his decision, the ALJ examined the diagnosis of Dr. Todd Spangler, Ph.D., a consulting psychologist.  (Tr. 10).  On October 23, 1997, Dr. Spangler concluded that Rivera suffered from a single episode of major depression.  Dr. Spangler classified Rivera's case as mild[8] and found no indication that her syndrome interfered with her functional capabilities.  Dr. K. Brucer, Rivera's treating psychiatrist, found her mental abilities and aptitudes were "poor to none".

While noting some limited mental impairments, the ALJ did not recognize Rivera's depression as a non-exertional limitation, a conclusion

---

[8]Rivera testified that she sought counseling for her depression and that medication helped with both physical and mental problems.  (Tr. 42).

that would have prevented him from relying solely on the Grid.

Nevertheless, the ALJ did not mechanically plug Rivera's exertional

limitations into a formulaic grid.  The ALJ cited Rule 202.17 in his decision

as a "framework" for reaching his decision.  The record shows that the ALJ

considered other factors such as Rivera's age, education, work history, and

physical functional capacity.  (Tr. 18).  Accordingly, the ALJ properly

evaluated Rivera's RFC.

## E.  Subjective Complaints of Pain

Rivera also claims that the ALJ improperly discounted her allegations

of disabling pain.  The Commissioner is obligated to evaluate all of a

claimant's symptoms, including pain, and the extent to which those

symptoms can reasonably be accepted as consistent with the objective

medical evidence and other evidence.  20 C.F.R. §§ 404.1529(a),

416.929(a).  The ALJ must perform a two-step analysis.  *See* 20 C.F.R. §§

404.1529, 416.929; *see also Crouch v. Comm'r, Soc. Sec. Admin.*, 6:01-

CV-0899, 2003 WL 22145644, at *10 (N.D.N.Y. Sept. 11, 2003) (citation

omitted).  First, based upon the objective medical evidence, the ALJ must

determine whether the impairments "could reasonably be expected to

produce the pain[9] or other symptoms alleged ....”  20 C.F.R. §§

404.1529(a), 416.929(a); *see Crouch*, 2003 WL 22145644, at *10.

“Second, if the medical evidence alone establishes the existence of such

impairments, then the ALJ need only evaluate the intensity, persistence,

and limiting effects of a claimant’s symptoms to determine the extent to

which it limits the claimant’s capacity to work.”  *Crouch*, 2003 WL

22145644, at *10 (citing 20 C.F.R. §§ 404.1529(c), 416.929(c)).

A plaintiff may suffer some degree of pain as a result of a condition.

However, some pain does not automatically translate into disabling pain.

*See Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983) (“disability

requires more than mere inability to work without pain”).  Moreover, “[a]n

individual’s statement as to pain or other symptoms shall not alone be

conclusive evidence of disability.”  *See* 42 U.S.C. § 423(d)(5)(A).

Where the alleged symptoms suggest that the impairment is greater

than demonstrated by objective medical evidence, the ALJ will consider

other factors.  These factors include daily activities, the location, duration,

frequency and intensity of symptoms, the type, effectiveness and side

---

[9] The pain must be properly evaluated, considering the applicant’s credibility and motivation as well as the medical evidence of impairment to reach an independent judgment concerning the true extent of the alleged pain, and the degree to which it hampers the applicant’s ability to engage in substantial gainful employment.  *See Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

16

effects of medication, and other treatment or measures to relieve those symptoms. *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); Social Security Ruling (SSR) 96-7p. "The reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision." SSR 96-7p. Therefore, "[a]n [ALJ] may properly reject [subjective complaints] after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must [do so explicitly and] set forth his or her reasons with sufficient specificity to enable [the courts] to decide whether the determination is supported by substantial evidence." *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999) (internal quotation marks, citation omitted); *see Brandon v. Bowen*, 666 F. Supp. 604, 608 (S.D.N.Y. 1987).

In this case, Rivera claims that she suffered from chronic and persistent pain that precluded her from engaging in even light work. In particular, Rivera alleges that she suffers from severe back pain, tenderness, and general discomfort associated with arthritis and carpal tunnel syndrome. She maintains that she is limited in her activities and must rest frequently. Finally, Rivera argues that her ability to intermittently attend religious services and entertain visitors in her home is not proof that

she can perform light work.

The ALJ's decision was based on substantial evidence.  As the ALJ noted, Rivera's symptoms responded well to analgesics.  (Tr. 18).  She had not been to a hospital or emergency room for her condition in the year preceding the hearing.  (Tr. 43).  Although she may have pain, "some pain does not mean disabling pain." *Dumas*, 712 F.2d at 1552.  Moreover, the record demonstrates that Rivera cooked in her home, accompanied her daughter places, and occasionally grocery shopped with her husband.  (Tr. 45, 46, 47).  She also watched television, visited with friends, and occasionally attended meetings at her son's school.  (Tr. 46, 48).  Her daily activities coupled with her lack of medical care belie her contention of disabling pain.  Accordingly, the ALJ's decision was based on substantial evidence.

## F.  Prior Application

Rivera contends that the ALJ erred when he denied her request to reopen her original April 26, 1996 application.  The ALJ considered the merits of Rivera's claim for the entire period[10] for which she was claiming disability, and he properly concluded that Rivera was not disabled for the

---

[10]Rivera's request to reopen her original application is now moot.

18

entire relevant period.  Accordingly, the ALJ's decision was supported by substantial evidence and is affirmed.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED,** that the decision denying benefits is **AFFIRMED**; and it is further

**ORDERED,** that the Clerk of the Court serve a copy of this Order upon the parties.

**IT IS SO ORDERED.**

September 28, 2005
Albany, New York

Gary L. Sharpe
U.S. District Judge